# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JEFFREY ALAN MARTIN, | ) | CASE NO. 14-11743-WHD |
| | ) | |
| DEBTOR. | ) | |

| | | |
|---|---|---|
| | ) | |
| GUY G. GEBHARDT, | ) | |
| ACTING UNITED STATES TRUSTEE, | ) | |
| PLAINTIFF | ) | |
| | ) | |
| -vs- | ) | ADVERSARY PROCEEDING |
| | ) | NO. 15-1065 |
| JEFFREY ALAN MARTIN, | ) | |
| DEFENDANT. | ) | |

## MOTION TO COMPEL DISCOVERY

Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(a), Guy G. Gebhardt, Acting United States Trustee for Region 21 ("United States Trustee"), moves the Court to enter an order compelling the defendant, Jeffrey Alan Martin, to respond to discovery. In particular, the United States Trustee requests the Court direct Mr. Martin (1) appear for deposition and (2) supplement his incomplete and evasive responses to written discovery. In support of this motion, the United States Trustee shows as follows.

1

## Course of Proceeding

1.

The United States Trustee commenced this adversary proceeding on December 16, 2015, by filing a complaint to deny a chapter 7 discharge to the defendant, Jeffrey Alan Martin.

2.

The United States Trustee filed an amended complaint on March 4, 2016.

3.

Mr. Martin filed his answer on April 21, 2016.

4.

On May 25, 2016, the parties filed their conference report and the Court entered a scheduling order (AP Dkt. Nos. 9 and 10). The Scheduling Order directed the parties to complete discovery by September 30, 2016.

5.

On July 15, 2016, Mr. Martin served discovery upon the United States Trustee.

6.

On August 2, 2016, the United States Trustee served discovery upon Mr. Martin. The United States Trustee served interrogatories, requests for production of documents, and requests for admissions.

7.

On August 15, 2016, the United States Trustee served his discovery responses.

8.

On September 1, 2016, Mr. Martin served his discovery responses.

9.

On September 22, 2016, the parties filed a motion to modify the Scheduling Order (AP Dkt. No. 16).  On September 23, 2016, the Court entered an order extending the discovery period through November 30, 2016 (AP Dkt. No. 17).

10.

On October 18, 2016, the United States Trustee filed and served notice of Mr. Martin's deposition, scheduled November 10, 2016 (AP Dkt. No. 19).

11.

On October 21, 2016, the United States Trustee filed and served notice rescheduling Mr. Martin's deposition to November 15, 2016 (AP Dkt. No. 20).

12.

On October 27, 2016, the United States Trustee's attorney contacted Mr. Martin's attorney regarding discovery responses the United States Trustee contends were evasive or incomplete.   Mr. Martin's attorney's reported that he had been unable to reach Mr. Martin.

13.

Mr. Martin failed to appear for his deposition scheduled November 15, 2016 (AP Dkt. No. ). The U.S. Trustee mailed notice of the deposition to the address Mr. Martin identified in his answer to the complaint: 106 Woodcrest Drive, Griffin GA 30223.[1] The notice of deposition was returned undelivered.

14.

On November 22, 2016, Macey, Wilensky & Hennings, LLC, filed a motion to withdraw as counsel for the defendant (AP Dkt. No. 24).

Mr. Martin's Failure to Respond to Request for Production of Documents

15.

Prior to commencement of this adversary proceeding, the United States Trustee requested Mr. Martin produce his personal and business tax returns for 2009, 2010, 2011, 2012, 2013, and 2014. On April 7, 2015, Mr. Martin produced the following documents to the United States Trustee:

- An unsigned set of 2009 tax documents for Jeffrey A. Martin (IRS Form 4868, IRS Form 1040, IRS Schedule A, IRS Form 4562, and Georgia Form 500)

---

[1] Mr. Martin's attorney also provided notice of the deposition by to Mr. Martin by Certified Mail, Regular U.S. Mail, and electronic mail. *See* AP Dkt. Nos. 24 and 25.

4

- An IRS Form 1040 for 2012, signed by Mr. Martin, along with a Schedule SE and a Schedule K-1 for Martin Financial, LLC, TMAR Farms, LLC, and Access Financial Group, LLC

- An unsigned set of 2013 tax documents for Mr. Martin (IRS Form 1040, Schedule SE, and a K-1 for Martin Financial, LLC)

- An unsigned IRS Form 1120S for Martin Financial, LLC, for 2010, along with a K-1

- An unsigned IRS Form 1120S for Martin Financial, LLC, for 2011, along with a K-1

- An unsigned IRS Form 1120S for Martin Financial, LLC, for 2012, along with a K-1

16.

On August 2, 2016, the United States Trustee served a request for production of documents upon Mr. Martin. A copy of the request is attached as UST EXHIBIT A.

17.

Mr. Martin did not produce any documents in response to the United States Trustee's request for production of documents. Rather, in his written response to requests 1 through 8, requests 11 through 20, and requests 24 through 27, Mr.

Martin stated: "Defendant has produced all documents responsive to this request in response to discovery requests served in the Bankruptcy Case."

18.

On October 27, 2016, the United States Trustee contacted Mr. Martin's attorney to inquire whether Mr. Martin's response intended to refer to the documents produced April 7, 2015, and whether there were any other documents responsive to the United States Trustee's request.

19.

Mr. Martin's attorney was not able to clarify the response because Mr. Martin has failed to communicate with counsel despite repeated requests using multiple methods.

20.

In the November 7th notification of intent to withdraw, Mr. Martin's attorney advised Mr. Martin that the United States Trustee had requested additional documents and might pursue a motion to compel if he failed to respond (AP Dkt. Nos. 24 and 25).

6

## Mr. Martin's Failure to Respond to Interrogatories

21.

On August 2, 2016, the United States Trustee served interrogatories upon Mr. Martin. A copy of the document is attached as UST EXHIBIT B.

22.

In his response to Interrogatory 8 ("Identify all financial accounts maintained or used for your personal expenses at any time during each of the following years: 2013, 2104, 2015, or 2016.") Mr. Martin responded that "he maintained no personal financial accounts from 2013-2016." Mr. Martin's response is evasive. The United States Trustee inquired about accounts "maintained or used **for** [Mr. Martin's] personal expenses; the United States Trustee did not request a list of accounts maintained **by** Mr. Martin.

23.

In his response to Interrogatories 22 and 25, Mr. Martin stated: "Defendant objects to this interrogatory as it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs to the case." Rather than offering a boilerplate objection, Mr. Martin "must show specifically how... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *McLeod, Alexander, Powell & Apffel, P.C. v. Quarles*, 894 F. 2d 1482, 1485 (5th Cir. 1990), citing *Josephs v. Harris Corp.*, 677

7

F.2d 985,991-2 (3rd Cir. 1982). "Objections to discovery must be made with specificity, and the responding party has the obligation to explain and support [his] objections." *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014), citing *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01–cv–01644–REB–CBS, 2010 WL 502721, at *10 (D.Colo. Feb. 8, 2010).

24.

In his response to Interrogatory 23 ("Identify all documents from which your financial condition and business transactions as of the date of commencement of the Bankruptcy Case might be ascertained."), Mr. Martin stated "that all of Defendant's financial documents were produced by Defendant in the Bankruptcy Case and are available to Plaintiff." Mr. Martin's response is evasive. The response leaves the United States Trustee wondering whether there are any responsive documents other than those Mr. Martin produced on April 7, 2015.

## Mr. Martin's Failure to Appear for Deposition

25.

The United States Trustee served notice of the deposition upon Mr. Martin at the address provided in his answer to the complaint (AP Dkt. No. 8 at page 3). Upon information and belief, Mr. Martin's attorney also provided notice of the deposition.

26.

Mr. Martin failed to appear for his deposition (AP Dkt. No. 26).

Conclusion

27.

Mr. Martin's failure to provide proper responses to written discovery and failure to appear for deposition is impeding the progress of discovery and will delay trial of the case.

WHEREFORE, the United States Trustee respectfully requests the Court enter an order compelling Mr. Martin to appear for deposition and supplement his incomplete and evasive responses to written discovery.

> Guy G. Gebhardt
> Acting United States Trustee, Region 21
>
> *s/ R. Jeneane Treace*
> R. Jeneane Treace
> Georgia Bar No. 716620
> 362 Richard Russell Federal Building
> 75 Ted Turner Drive, S.W.
> Atlanta, GA 30303
> (404) 331-4437
> Email: *jeneane.treace@usdoj.gov*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JEFFREY ALAN MARTIN, | ) | CASE NO. 14-11743-WHD |
| | ) | |
| DEBTOR. | ) | |

| | | |
|---|---|---|
| | ) | |
| GUY G. GEBHARDT, | ) | |
| ACTING UNITED STATES TRUSTEE, | ) | |
| PLAINTIFF | ) | |
| | ) | |
| -vs- | ) | ADVERSARY PROCEEDING |
| | ) | NO. 15-1065 |
| JEFFREY ALAN MARTIN, | ) | |
| DEFENDANT. | ) | |

## CERTIFICATION

In accordance with Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(a)(1), I certify that prior to filing this motion I conferred in good faith with the defendant's attorney, Todd Surden.

*s/ R. Jeneane Treace*
R. Jeneane Treace
Georgia Bar No. 716620
362 Richard Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303
(404) 331-4437
Email: *jeneane.treace@usdoj.gov*

10

## CERTIFICATE OF SERVICE

I certify that on November 29, 2016, I served a copy of this motion upon the following persons by U.S. Mail, addressed as follows.

Todd H. Surden, Esq.
Macey, Wilensky & Hennings, LLC
303 Peachtree Street NE
Suite 4420
Atlanta, Georgia  30308

Jeffrey Alan Martin
106 Woodcrest Drive
Griffin GA  30223

Jeffrey Alan Martin
P.O. Box 457
Lovejoy, GA 30250

*s/ Jeneane Treace*
R. Jeneane Treace
Georgia Bar No. 716620
