**IT IS ORDERED as set forth below:**



Date: January 17, 2017

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| JEFFREY ALAN MARTIN,  Debtor. | : : : | BANKRUPTCY CASE 14-11743-WHD |
| GUY G. GEBHARDT, Acting United States Trustee,  Plaintiff, | : : : : | ADVERSARY PROCEEDING 15-1065 |
| v. | : : | |
| JEFFREY ALAN MARTIN,  Defendant. | : : : : | IN PROCEEDINGS UNDER CHAPTER 7 OF THE BANKRUPTCY CODE |

**ORDER**

Before the Court is the Motion to Compel Discovery filed by Guy G. Gebhardt (hereinafter the "U.S. Trustee"), Acting United States Trustee for Region 21, in the

above-styled adversary proceeding. This motion arises in connection with the U.S. Trustee's complaint seeking denial of the Debtor's discharge, which is a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(a), (b)(2)(J), 1334.

## Background

The U.S. Trustee initiated this adversary proceeding on December 16, 2015. On August 2, 2016, the U.S. Trustee served interrogatories, requests for production, and requests for admission on the Debtor. The Debtor served his responses on the U.S. Trustee on September 1, 2016. In the instant motion, the U.S. Trustee takes issue with the following responses from the Debtor:

1) In response to the U.S. Trustee's request for production, the Debtor stated that he had already produced all the documents responsive to that request in the main bankruptcy case. The U.S. Trustee states that he is unsure whether this refers to a production provided by the Debtor in April of 2015.

2) In response to Interrogatory #8, which requested that the Debtor identify all financial accounts maintained or used for his personal expenses, the Debtor responded that he maintained no personal financial accounts between 2013 and 2016. The U.S. Trustee asserts that this is not responsive to the question,

2

as he requested information concerning accounts maintained or used *for* the Debtor's personal expenses, not merely accounts maintained *by* the Debtor.

3) In response to Interrogatories #22 and #25, which asked the Debtor to identify the facts that support his denial of allegations made in the U.S. Trustee's complaint and in the U.S. Trustee's requests for admission, the Debtor stated that the questions were overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case. The U.S. Trustee disputes the appropriateness of this boilerplate objection.

4) In response to Interrogatory #23, which requested that the Debtor identify all documents from which his financial and business transactions could be ascertained, the Debtor stated that he had produced all financial documents in the bankruptcy case. Similar to the U.S. Trustee's issue concerning the request for production, the U.S. Trustee is unsure whether this refers to the April 2015 disclosure.

On October 18, 2016, the U.S. Trustee filed and served on the Debtor a notice of deposition for November 10, 2016. On October 21, 2016, the U.S. Trustee filed

3

and served a new notice rescheduling the deposition to November 15, 2016. Though counsel for the U.S. Trustee and the Debtor's counsel both appeared for the deposition, the Debtor did not.

On November 29, 2016, the U.S. Trustee filed the instant motion requesting that the Court compel the Debtor to supplement his responses to the Trustee's discovery requests and to compel the Debtor's attendance at a deposition.

The Debtor, who is proceeding *pro se* after the withdrawal of his counsel on December 9, 2016, has not filed a response to the U.S. Trustee's motion. Therefore the Court will consider the instant motion unopposed. *See* BLR 7007-1(c) ("Failure to file a response shall indicate no opposition to the motion.").

## Discussion

Federal Rule of Civil Procedure 37, made applicable to adversary proceedings by operation of Federal Rule of Bankruptcy Procedure 7037, provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); *see also* Fed. R. Bankr. P. 7037. In the instant proceeding, the U.S. Trustee seeks an order compelling the Debtor to appear for a deposition and to supplement responses to interrogatories and requests for production. The Court will address each request in turn.

4

A. Compel Attendance at Deposition

A court may order a party to attend a second deposition where the party's conduct impeded the successful completion of the original deposition. *See Isaac v. RMB, Inc.*, 604 F. App'x 818, 821 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 37(a)(3)(B)(i)). In the instant case, the Debtor failed to appear for the noticed deposition, which certainly impeded its completion. Therefore, the Court will order the Debtor to appear at a deposition upon notice by the U.S. Trustee in conformity with Rule 30. Should the Debtor fail to appear, the U.S. Trustee may seek sanctions pursuant to Rule 37(d)(1)(A).

B. Compel Responses to Interrogatories and Requests for Production

A court may compel a party to answer interrogatories and respond to requests for production if the party has failed to answer the interrogatories or produce the requested materials. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). In determining whether a party has failed to answer or produce, a court should treat evasive or incomplete answers or disclosures as failures. Fed. R. Civ. P. 37(a)(4).

In the instant proceeding, the Court agrees with the U.S. Trustee that the Debtor's responses to the interrogatories and the requests for production were evasive and incomplete. The Debtor must provide more detail concerning his

5

responses to the requests for production and Interrogatories #8 and #23. Additionally, the Debtor's responses to Interrogatories #22 and #25 are not acceptable. It is not appropriate to make such general objections, and therefore the Court finds the Debtor's answers to these interrogatories similarly evasive and incomplete. *See Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); *U.S. Commodity Futures Trading Comm'n v. Am. Derivatives Corp.*, 2007 WL 1020838, at *3 (N.D. Ga. Mar. 30, 2007). The Debtor must either answer the interrogatories, or, if he has legitimate objections, he must state those objections more clearly.

C. Costs

Rule 37 requires the Court to consider whether to impose the costs of bringing the instant motion on the Debtor or his counsel. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted…the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The Court may not impose costs if "(i) the movant filed the motion before attempting in good faith to obtain disclosure or discovery without court action; (ii) the opposing party's

6

nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). At this time, particularly as the U.S. Trustee has not requested them, the Court will not impose costs on the Debtor. However, further recalcitrance on the Debtor's part may cause the Court to impose other sanctions in the future.

## Conclusion

In accordance with the foregoing, the U.S. Trustee's motion is **GRANTED**. It is hereby **ORDERED** that:

1) The Debtor shall attend a deposition noticed by the U.S. Trustee in accordance with Federal Rule of Civil Procedure 30 for a date no earlier than fourteen (14) days from the date of entry of this Order. Should the Debtor fail to appear, the U.S. Trustee may seek sanctions pursuant to Rule 37(d)(1)(A).

2) The Debtor shall fully respond, or provide specific objection, to Interrogatories #8, #22, #23, and #25 to the best of his ability. In responding to Interrogatory #23, the Debtor shall state whether any documents responsive to that request were produced other than in the April 2015 production of documents.

3) The Debtor shall respond to the U.S. Trustee's requests for production, specifically noting whether any documents responsive to the requests were produced in the April 2015 production.

The Clerk is **DIRECTED** to serve this Order on the Debtor and the U.S. Trustee.

**END OF DOCUMENT**