**IT IS ORDERED as set forth below:**



Date: **May 18, 2017**

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| IN THE MATTER OF: | : | CASE NUMBERS |
|---|---|---|
| | : | |
| JEFFREY ALAN MARTIN, | : | BANKRUPTCY CASE |
| Debtor. | : | 14-11743-WHD |
| _____ | : | |
| | : | |
| GUY G. GEBHARDT, | : | ADVERSARY PROCEEDING |
| Acting United States Trustee, | : | 15-1065 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JEFFREY ALAN MARTIN, | : | IN PROCEEDINGS UNDER |
| Defendant. | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |
| | : | |

## ORDER

Before the Court are the Motion for Sanctions (Doc. No. 40) and Third Motion

to Modify Scheduling Order (Doc. No. 41) filed by Guy G. Gebhardt (hereinafter the

"U.S. Trustee"), Acting United States Trustee for Region 21, in the above-styled adversary proceeding. These motions arise in connection with the U.S. Trustee's complaint seeking denial of the Debtor's discharge. This is a core proceeding over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(a), (b)(2)(J), 1334.

## Background

The U.S. Trustee initiated this adversary proceeding on December 16, 2015. The U.S. Trustee amended his complaint on March 4, 2016, and the Debtor filed his answer on April 21, 2016. The Court entered a scheduling order setting September 30, 2016, as the discovery deadline.

On August 2, 2016, the U.S. Trustee served discovery requests on the Debtor. The Debtor served his responses on the U.S. Trustee on September 1, 2016. On September 23, 2016, the Court granted the parties' joint motion for an extension of the discovery period, moving the deadline to November 30, 2016.

On October 18, 2016, the U.S. Trustee served a notice of deposition on the Debtor for a deposition scheduled for November 10, 2016. Three days later, the U.S. Trustee re-noticed the deposition, changing the date to November 15, 2016. The Debtor did not appear for the deposition.

2

On November 16, 2016, the U.S. Trustee filed a motion to once again extend the discovery deadline. On November 18, 2016, the Court granted the motion, pushing the deadline back to March 31, 2017. The Court's order also called for the parties to file dispositive motions within twenty-one days of the close of discovery, and for the parties to file a pre-trial order within twenty-eight days of the close of discovery if no dispositive motions were filed.

On November 22, 2016, the Debtor's counsel, Macey, Wilensky & Hennings, LLC (hereinafter "MWH"), filed a motion to withdraw from its representation of the Debtor. MWH asserted that the Debtor had failed to communicate with it concerning the case and had failed to cooperate with the firm in the defense of the proceeding. The Court granted MWH's motion on December 9, 2016, subject to the Debtor's filing an objection within fourteen days. No objection was filed.

On November 29, 2016, the U.S. Trustee filed a motion to compel discovery. In the motion, the U.S. Trustee argued that the Debtor's responses to the U.S. Trustee's requests for production and certain interrogatories were evasive and incomplete, and requested a Court order compelling the Debtor to provide more detailed responses. Additionally, in light of the Debtor's failure to appear at the November 15th deposition, the U.S. Trustee requested that the Court order the

3

Debtor to appear for a deposition.

On January 17, 2016, the Court granted the U.S. Trustee's motion. The Court ordered the following:

1) The Debtor shall attend a deposition noticed by the U.S. Trustee in accordance with Federal Rule of Civil Procedure 30 for a date no earlier than fourteen (14) days from the date of entry of this Order. Should the Debtor fail to appear, the U.S. Trustee may seek sanctions pursuant to Rule 37(d)(1)(A).
2) The Debtor shall fully respond, or provide specific objection, to Interrogatories #8, #22, #23, and #25 to the best of his ability. In responding to Interrogatory #23, the Debtor shall state whether any documents responsive to that request were produced other than in the April 2015 production of documents.
3) The Debtor shall respond to the U.S. Trustee's requests for production, specifically noting whether any documents responsive to the requests were produced in the April 2015 production.

(Doc. No. 33).

On February 7, 2017, the U.S. Trustee served a Notice of Rescheduled Deposition and Document Request on the Debtor, scheduling a deposition for March 7, 2017. The U.S. Trustee also served a subpoena on the Debtor. In addition to mailing these and other documents, the U.S. Trustee hired a process server, but his efforts were unsuccesful.[1] The Debtor failed to appear at the March 7th deposition,

---

[1] The process server's affidavit indicates that he made three attempts to serve the papers. On his first attempt, he notes that there was no answer at the residence despite a vehicle in the drive and lights on inside. On his second attempt, he

4

and has not responded to the U.S. Trustee's discovery requests as this Court has ordered.

On April 20, 2017, the U.S. Trustee filed the instant motions.  In light of the Debtor's failure to respond as the Court ordered and appear for the deposition, the U.S. Trustee requests that the Court sanction the Debtor by striking the Debtor's answer.  Additionally, the U.S. Trustee requests that the Court extend the deadline to file dispositive motions and a pre-trial order.  The Debtor has not responded to either motion.

## Discussion

Courts have "broad discretion to control discovery," including "the ability to impose sanctions on uncooperative litigants."  *Phipps v. Blakeney*, 9 F.3d 788, 790 (11th Cir. 1993).  The procedural vehicle for discovery sanctions is Federal Rule of Civil Procedure 37.  Fed. R. Civ. P. 37; *see also* Fed. R. Bankr. P. 7037.  Rule 37 provides, "If a party…fails to obey an order to provide or permit discovery…, the court where the action is pending may issue further just orders."  Fed. R. Civ. P. 37(b)(2)(A).  "[F]urther just orders" may include "striking pleadings in whole or in

---

received no answer.  On the third attempt, there was a vehicle in the drive, and it appears the process server waited more than an hour outside of the house for someone to come outside, but no one did.

part" or "rendering a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi).  Rule 37 also allows a court to sanction a party for failing to appear at a deposition.  *See* Fed. R. Civ. P. 37(d).

In the instant proceeding, the U.S. Trustee has requested that the Court strike the Debtor's answer as a consequence for his failure to appear for a deposition or otherwise comply with the Court's January 17th discovery order.  If the Court were to strike the Debtor's answer, the Debtor would be in default, so the Court will consider the entry of a default judgment as a sanction for the Debtor's discovery violations.

"The severe sanction of…default judgment is appropriate only as a last resort."  *Bank of New York v. Sunshine-Jr. Stores, Inc.*, 456 F.3d 1291, 1306 (11th Cir. 2006) (internal quotation marks omitted) (quoting *Malaueta v. Suzuki Motor Co. Ltd*, 987 F.2d 1536, 1542 (11th Cir. 1993)).  Indeed, because of the harshness of the sanction, "most courts, including this one, much prefer to decide cases on the merits."  *Mountain Nat'l Bank v. Brackett*, 243 B.R. 910, 915 (Bankr. N.D. Ga. 2000) (Drake, J.).  Nevertheless, "[t]here is a need for strict adherence to Rule 37 so as to prevent parties from flouting discovery orders," *Reed v. Fulton Cnty Government*, 170 F. App'x 674, 675 (11th Cir. 2006) (per curiam), and the Court

6

must be mindful of the dual role that sanctions play: an appropriate sanction must both punish the offending conduct and serve to deter future violations, *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (per curiam) ("[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court…not merely to penalize those whose conduct [warranted] such a sanction, but to deter those who might be tempted to such conduct…."). It is also worth remembering that "the obedience of judicial orders is of paramount importance and …courts do not lightly excuse a failure to comply." *U.S. v. Hayes*, 722 F.2d 723, 726 (11th Cir. 1984) (per curiam).

There are two prerequisites to the imposition of default as a sanction. First, the sanctioning court must find that the disobedient party's failure to comply with the court's order was willful or in bad faith. *U.S. v. Varnado*, 447 F. App'x 48, 51 (11th Cir. 2011) (per curiam). Failure to comply as the result of "negligence, misunderstanding, or inability to comply will not justify…default judgment or dismissal." *Malautea*, 987 F.2d at 1542. However, it is the allegedly disobedient party who "bears the burden of justifying his conduct." *Mills v. Anderson*, No. CV606-88, 2008 WL 80303, at \*1 (S.D. Ga. Jan. 7, 2008). In satisfying that burden, the party may not rely on "mere assertion[s] of inability," but must "satisfy

7

his burden of production on the point by introducing evidence in support of his claim." *Granfinanciera, S.A. v. Nordberg (In re Chase and Sanborn Corp.)*, 872 F.2d 397, 400 (11th Cir. 1989) (quoting *Hayes*, 722 F.2d at 725). This evidence must be sufficient to lead the Court to conclude that the party "has made all reasonable efforts to comply." *Hayes*, 722 F.2d at 725 (holding that the district court's application of a more lenient "some effort" standard was an abuse of discretion).

Second, the court should determine whether lesser sanctions would be sufficient to serve the purposes of Rule 37. *See Varnado*, 447 F. App'x at 51 (upholding entry of default where party "repeatedly and flagrantly failed to cooperate, even after having attorneys' fees assessed against her"); *Navarro v. Cohan*, 856 F.2d 141, 142 (11th Cir. 1988) (per curiam) (upholding dismissal of complaint after district court's instruction that the party would be personally responsible for the case and the court's imposition of a monetary fine "proved futile"); *but see Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993) (finding the party's conduct so egregious that the trial court was not required to state whether it had considered lesser sanctions).

In the instant case, it is plain that the Debtor has not complied with the Court's

8

January 17th order. The Debtor did not attend the deposition noticed by the U.S. Trustee, nor has he provided the U.S. Trustee with the responses to the discovery requests that the Court's order demanded. The Debtor bears the burden of showing that this failure was not willful—that he has some valid excuse for his conduct. However, the Debtor has not responded to the U.S. Trustee's motion. Therefore, the Court is compelled to conclude that his violation of the order was willful. *See* BLR 7007-1(c) ("Failure to file a response shall indicate no opposition to the motion."); *see also Mills*, 2008 WL 80303, at *1 ("Since the plaintiff bears the burden of justifying his conduct, he must suffer the consequences of his silence.").

Additionally, the Court finds that lesser sanctions than striking the Debtor's answer and entering default judgment will not suffice. The Debtor has seemingly abandoned this case. MWH withdrew from the representation because of the Debtor's lack of cooperation, a process server was unable to reach the Debtor with the U.S. Trustee's papers, and the Debtor did not file a response to either of the instant motions or the U.S. Trustee's initial motion to compel. Faced with this pattern of apathy, the Court sees no point in entering lesser sanctions, such as prohibiting the Debtor from presenting evidence or taking facts as established. The Debtor has flouted the discovery process and this Court's order. However, before

9

imposing this harsh sanction, the Court will allow the Debtor one final opportunity, described below, to cooperate.   Perhaps the threat of a stricken answer and the entry of default judgment will inspire him to participate in an action that could result in a denial of his discharge.

### Conclusion

In accordance with the foregoing, it is hereby **ORDERED** as follows.   On or before **June 9, 2017,**

1) The Debtor shall fully respond, or provide specific objection, to Interrogatories #8, #22, #23, and #25 to the best of his ability. In responding to Interrogatory #23, the Debtor shall state whether any documents responsive to that request were produced other than in the April 2015 production of documents; and
2) The Debtor shall respond to the U.S. Trustee's requests for production, specifically noting whether any documents responsive to the requests were produced in the April 2015 production.

If the Debtor complies with the above, the U.S. Trustee may then re-notice the deposition of the Debtor in accordance with Federal Rule of Civil Procedure 30 for a date no sooner than fourteen (14) days from the service of the notice.

If the Debtor fails to provide the U.S. Trustee with the discovery discussed above or if the Debtor fails to attend a deposition noticed in accordance with this Order, the U.S. Trustee may file with the Court, and serve on the Debtor, a report

certifying, under penalty of perjury, that the Debtor has failed to comply with this Order. The Debtor will then have fourteen (14) days from the date of service to file with the Court, and serve on the U.S. Trustee, a response to the U.S. Trustee's report. If the Debtor does not file and serve a response, **the Court will strike the Debtor's answer and may enter default judgment without further notice or hearing**.

Additionally, for cause shown, it is hereby **ORDERED** that the U.S. Trustee's Third Motion to Modify Scheduling Order is **GRANTED**. The deadline to file dispositive motions in this case is August 7, 2017. If no dispositive motions are filed, the parties shall submit a consolidated pre-trial order on or before August 14, 2017. If a dispositive motion is filed, the parties shall, if this proceeding is not resolved by the Court's order on such a motion, submit their consolidated pre-trial order within twenty-eight (28) days of the entry of the Court's order on the motion.

The Clerk is **DIRECTED** to serve this Order on the Debtor and the U.S. Trustee.

**END OF DOCUMENT**